# HAYWARD v. STATE OF FLORIDA
## Case No. 83-261-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
October 15, 1984

### APPEARANCES OF COUNSEL

**Beth C. Weitzner**, Assistant Public Defender, for appellant.

**G. Bart Billbrough**, Assistant Attorney General, for appellee.

Before TENDRICH, RIVKIND, and NADLER, J.J.

### OPINION OF THE COURT

The appellant appeals his conviction of perjury in an unofficial proceeding. The facts are clear. While incarcerated, the appellant contacted an internal review investigator concerning information involving police officers and narcotics. After several interviews, the appellant provided a sworn statement in a formal deposition the next day to the same effect as his prior statements. Immediately following the sworn deposition the appellant submitted to a polygraph examination which showed signs of deception, and that the allegations were not accurate. Upon being confronted with the deception, the appellant initially denied lying, but during a second sworn statement in a formal deposition recanted and admitted that he made up the entire story to get even.

We find that the defense of recantation was established and that the lower court erred in failing to grant the sworn motion to dismiss.

The cases of *Carter v. State,* 384 So.2d 1255 (Fla. 1980), *Brannen v. State,* 94 Fla. 656, 114 So. 429 (Fla. 1927) and *State v. Snipes,* 433 So.2d 653 (Fla. 1st DCA 1983) seem to clearly govern this case. The State took the position below and on appeal that these cases do not apply because the instant case involved an unofficial proceeding and not an official proceeding. We find this to be a distinction without a difference.

As the Supreme Court of Florida said in *Carter v. State,* supra:

Dr. Carter corrected the facts he had related in his deposition promptly and voluntarily. He gained nothing from the false statement made. No one was prejudiced by his false statement and the proceedings were not affected thereby. His subsequent testimony was consistent with the recanted version. Under these circumstances the fear of being caught should not vitiate the defense of recantation.

and as noted from *Brannen v. State,* supra:

"A judicial investigation or trial has for its sole object the ascertainment of the truth, that justice may be done. It holds out every inducement to a witness to tell the truth by inflicting severe penalties upon those who do not. This inducement would be destroyed if a witness could not correct a false statement except by running the risk of being indicted and convicted for perjury." *People v. Gillette,* 126 App.Div. 665, 111 N.Y.S. 133. "The law encourages the correction of erroneous and even intentionally false statements on the part of a witness, and perjury will not be predicated upon such statements when the witness before the submission of the case, fully corrects his testimony." *People v. Brill,* 100 Misc.Rep. 92, 165 N.Y.S. 65, 94 Fla. at 663, 114 So. at 431."

Accordingly, we reverse and remand with directions to grant the sworn motion to dismiss.

Tendrich, J.

Rivkind and Nadler concur.